UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHANNON SWANK, | ) | |
| Petitioner | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:16-CV-141 RM (Arising out of 3:07-CR-131 RM) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent | ) | |

OPINION and ORDER

On February 4, 2008, Shannon Swank entered a guilty plea to being a felon in possession of a firearm, and, based on a finding that he qualified as an armed career offender, Mr. Swank was sentenced on April 14, 2008 to a term of 180 months imprisonment. No appeal was filed. Mr. Swank is now before the court on his petition filed pursuant to 28 U.S.C. § 2255 requesting that his sentence be vacated and set aside because, Mr. Swank says, the armed career offender enhancement no longer applies to him under Johnson v. United States, 135 S. Ct. 2251 (2015).

28 U.S.C. § 2255 provides that an evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." The issue Mr. Swank raises can be resolved on the record, so no hearing on his § 2255 petition is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where record conclusively demonstrates that petitioner is entitled to no relief on § 2255 motion).

I.

Mr. Swank waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding on any ground, including ineffective assistance of counsel. His plea agreement, signed by Mr. Swank, his attorney Robert Truitt, and Assistant United States Attorney Frank Schaffer, contains the following language in paragraph 9(e):

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement,
> **I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.**

Petn. To Enter A Guilty Plea, at 4 (emphasis in original).

A plea agreement with a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir.

2

2000), or when the sentence exceeds the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Swank said at his change of plea hearing that he told his attorney everything counsel needed to know to represent him in this case, that his plea was voluntary, that no one had used any force or made any threats to get him to plead guilty, that he had read and discussed the plea agreement with his attorney before the plea hearing, that he and his attorney had reviewed the sentencing guidelines before the plea hearing, that he was guilty of the charges contained in the indictment, and that he was satisfied with the representation his attorney had provided. Mr. Swank also admitted to the court that if he proceeded to trial, the government would be able to prove its case against him.

Mr. Swank has neither challenged the plea agreement's waiver provision nor claimed that his counsel was ineffective in negotiating the waiver. Mr. Swank's statements at his change of plea hearing — statements made under oath — are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Swank during the plea colloquy, and Mr. Swank acknowledged that he understood.

Nothing in the plea agreement or Mr. Swank's current motion suggests that his waiver of that right was unknowing or involuntary. The record supports a finding that Mr. Swank's guilty plea was "a voluntary and intelligent choice among

3

the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). That Mr. Swank didn't anticipate the decision in Johnson v. United States doesn't make his waiver invalid. United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009) (holding that petitioner "relinquished his right to challenge his sentence based on intervening Supreme Court decisions"); Payne v. United States, Nos. 3:09-CV-107 & 3:06-CR-115, 2009 WL 2516332, at * 4 (N.D. Ind. Aug. 13, 2009) ("The broad language of the waiver precludes Mr. Payne from seeking post conviction relief even in light of a subsequent decision that may favor Mr. Payne."). Because Mr. Swank's plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

II

While Mr. Swank hasn't challenged the waiver in his plea agreement, he is now before the court seeking to overcome the terms of the plea agreement and have his sentence vacated based on his claim that the armed career criminal enhancement is no longer applicable to him based on the decision in Johnson v. United States, 135 S. Ct. 2251 (2015). Mr. Swank relies on the one-year limitations period in 28 U.S.C. § 2255(f)((3) to establish the timeliness of his petition: he says the filing of his petition on March 3, 2016 is within one year of the Supreme Court's June 26, 2015 decision in Johnson v. United States. But

4

even if Mr. Swank hadn't waived his right to file a § 2255 petition and his petition is deemed to have been timely filed, he still wouldn't be entitled to the relief he seeks.

Mr. Swank challenges reliance on his prior conviction for Attempted Burglary in St. Joseph County, Indiana, as support for his armed career criminal status. According to Mr. Swank, that conviction "is no longer valid for use in a 924(e) enhancement," so he's now actually innocent of his 924(e) conviction and should be resentenced. Petn., at 5. The record of this case doesn't support Mr. Swank's claim of "actual innocence" of his armed career criminal status.

Mr. Swank is correct that his attempted burglary conviction can't be considered in determining his armed career criminal status. However, his criminal record contains four additional felony convictions that qualify as "violent felonies" under 18 U.S.C. § 924(e)(2)(B): they all involved "the use, attempted use, or threatened use of physical force against the person of another:" criminal recklessness (1986); reckless homicide (1995); aggravated battery (2001); and aggravated assault with a deadly weapon (2003). Thus, even without considering his 1988 attempted burglary conviction, Mr. Swank had at least three previous convictions for violent felonies, "committed on occasions different from one another," that justify the enhancement of his sentence under 18 U.S.C. § 924(e).

Conclusion

For these reasons, the court DENIES Mr. Swank's petition filed pursuant to 28 U.S.C. § 2255 [docket # 31].

SO ORDERED.

ENTERED:   April 5, 2016

    /s/ Robert L. Miller, Jr.
    Judge, United States District Court

cc:    S. Swank
       AUSA Schaffer